**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICKY HARRIS, ) | NO. CV 05-7203-E |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| JO ANNE B. BARNHART, COMMISSIONER ) | |
| OF SOCIAL SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**PROCEEDINGS**

Plaintiff filed a Complaint on October 6, 2005, seeking review of the Commissioner's denial of benefits. The parties filed a "Consent to Proceed Before a United States Magistrate Judge" on October 21, 2005.

Plaintiff filed a "Motion for Summary Judgment" on April 7, 2006. Defendant filed a "Cross-Motion for Summary Judgment" on May 19, 2006. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed October 6, 2005.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff, a former groundskeeper, asserted disability based on alleged physical and mental impairments (Administrative Record ("A.R.") 84, 92). An Administrative Law Judge ("ALJ") examined the medical record and heard testimony from Plaintiff and a vocational expert (A.R. 26-233). The ALJ found Plaintiff not disabled (A.R. 26-31). The Appeals Council denied review (A.R. 6-8).

**PLAINTIFF'S CONTENTION**

Plaintiff contends the ALJ "failed to properly consider the examining psychiatric opinion of Rodney Collins, M.D." (Plaintiff's Motion at 4).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used proper legal standards. See Swanson v. Secretary, 763 F.2d 1061, 1064 (9th Cir. 1985). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted).

This Court "may not affirm [the Administration's] decision simply by isolating a specific quantum of supporting evidence, but

must also consider evidence that detracts from [the Administration's] conclusion." Ray v. Bowen, 813 F.2d 914, 915 (9th Cir. 1987) (citation and quotations omitted). However, the Court cannot disturb findings supported by substantial evidence, even though there may exist other evidence supporting Plaintiff's claim. See Torske v. Richardson, 484 F.2d 59, 60 (9th Cir. 1973), cert. denied, 417 U.S. 933 (1974); Harvey v. Richardson, 451 F.2d 589, 590 (9th Cir. 1971).

**DISCUSSION**

After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied. The Administration's findings are supported by substantial evidence and are free from material[1] legal error.

Dr. Collins, a consultative psychiatrist, made several written statements following his examination of Plaintiff. Among these statements are the following:

> [Plaintiff] does not by DSM IV criteria meet the standards for major depression. However given his current living situation, and lack of income it is not uncommon under these circumstances to feel depression . . . (A.R. 181).

///

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir. 1991); see also Batson v. Commissioner, 359 F.3d 1190, 1196 (9th Cir. 2004); Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001).

3

> I feel that his condition could improve within the next 12 months, with appropriate treatment (A.R. 181).
>
> I feel that [Plaintiff] could deal with the usual stressors encountered in competitive work (A.R. 182).
>
> [Plaintiff] has more physical than emotional difficulties. I feel that his depression would not limit his ability to accept instructions from supervisors, or interact with coworkers, and/or the public on a regular basis. I also feel that [Plaintiff] could perform work activities on a consistent basis, or complete a normal workday, workweek, without interruptions (A.R. 181).
>
> There is no preclusion from this limited neurologic evaluation which would prohibit [Plaintiff] from seeking and gaining gainful employment. He does have severe degenerative joint disease and depression as a result of that degenerative joint disease and chronic back pain, which would make it difficult for him to maintain work activities on a consistent basis or to complete a normal workday/workweek without interruptions (A.R. 176).

In arguing that the ALJ improperly disregarded Dr. Collins' opinions, Plaintiff focuses on the last part of the last quotation indented above. Plaintiff appears to interpret this part of the quotation as an opinion by Dr. Collins that Plaintiff's depression disables him from employment.

4

     Given the context, and the contradictory statements made elsewhere by Dr. Collins, Plaintiff's interpretation is of doubtful accuracy.[2] Moreover, even if the statement suggests that Plaintiff's depression (rather than his pain) "would make it difficult for him" to maintain work on a consistent basis, any error in ignoring such suggestion would be harmless. Difficulty does not equate to preclusion. Elsewhere in his reports, Dr. Collins indicated he believed Plaintiff's depression would not preclude Plaintiff from performing "work activities on a consistent basis, or [from completing] a normal workday, workweek, without interruptions" (A.R. 181).

     Even assuming, <u>arguendo</u>, that the last part of the last quotation indented above equates to an opinion that Plaintiff's depression precludes him from working consistently, no material error occurred. Any such opinion was contradicted by Dr. Collins himself. An ALJ need not explicitly detail reasons for rejecting the contradicted opinions of non-treating physicians. <u>Nyman v. Heckler</u>, 779 F.2d 528, 531 (9th Cir. 1986). Moreover, the ALJ did give sufficient reasons for rejecting any suggestion that Plaintiff's alleged depression renders continuous work difficult or impossible for him. The ALJ cited Dr. Collins' own opinion that Plaintiff could

---

[2] More likely, the last part of the last indented quotation reflects a belief by Dr. Collins that Plaintiff's alleged <u>physical</u> pain would make it difficult for him to maintain work on a consistent basis. <u>See also</u> A.R. 182 ("[Plaintiff] would have some difficulty, perhaps in performing work activities on a consistent basis, or maintaining attendance in the workplace, because of his pain."). An ALJ properly may accord little or no weight to a psychiatrist's opinion concerning orthopedic pain. <u>See</u> <u>Holohan v. Massanari</u>, 246 F.3d 1195, 1202 n.2 (9th Cir. 2001).

1  perform work activities on a continuous basis (A.R. 28, 181).
2  Internal inconsistencies suffice to reject medical opinion. See,
3  e.g., Matney on behalf of Matney v. Sullivan, 981 F.2d 1016, 1019-20
4  (9th Cir. 1992); Weetman v. Sullivan, 877 F.2d 20, 23 (9th Cir.
5  1989); Young v. Heckler, 803 F.2d 963, 968 (9th Cir. 1986). The ALJ
6  also cited Dr. Collins' opinion that Plaintiff should seek out
7  treatment (A.R. 28, 181). A difficulty which, with treatment, will
8  resolve within 12 months does not meet the durational requirement nor
9  otherwise qualify for disability benefits. See Warre v.
10 Commissioner, 439 F.3d 1001, 1006 (9th Cir. 2006) (impairments that
11 can be controlled effectively with treatment are not disabling);
12 Mongeur v. Heckler, 722 F.2d 1033, 1039 (2nd Cir. 1983) ("a
13 remediable impairment is not disabling"); Bourbon v. Barnhart, 2002
14 WL 31855298 *3, 5 (N.D. Cal. Dec. 13, 2002) (opinion that claimant
15 would have difficulty working an eight-hour day absent treatment
16 could not provide a basis for disability where the claimant received
17 treatment); see also Barnhart v. Walton, 535 U.S. 212, 218-25 (2002)
18 (explaining 12-month durational requirement).

20     It was the prerogative of the ALJ to resolve the conflicts and
21 ambiguities in the evidence. See Lewis v. Apfel, 236 F.3d 503, 509
22 (9th Cir. 2001). Where, as here, the evidence "is susceptible to
23 more than one rational interpretation," the Court must uphold the
24 administrative decision. Andrews v. Shalala, 53 F.3d 1035, 1039-40
25 (9th Cir. 1995); accord Thomas v. Barnhart, 278 F.3d 947, 954 (9th
26 Cir. 2002); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997);
27 see also Morgan v. Commissioner, 169 F.3d 595, 601 (9th Cir. 1999)
28 (where medical reports are inconclusive, the resolution of conflicts

1  in the evidence is the province of the Commissioner).

3  **CONCLUSION**

5  For all of the reasons discussed herein, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

9  LET JUDGMENT BE ENTERED ACCORDINGLY.

11  DATED: June 1, 2006.

```
               _____/S/_____
                          CHARLES F. EICK
                   UNITED STATES MAGISTRATE JUDGE
```